# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| ARLENE DOREGO, | * | No. 14-337 V |
| | * | |
| Petitioner, | * | Special Master Moran |
| | * | |
| v. | * | Filed: April 4, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees, failure of Secretary |
| AND HUMAN SERVICES, | * | to object |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Ronald Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
<u>Julia McInerny</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## **PUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS**[1]

After successfully prosecuting her claim for compensation in the Vaccine Program, Arlene Dorego filed an application for attorneys' fees and costs. The Secretary did not interpose any objection to the number of hours requested. **Ms. Dorego is awarded $26,491.86**.

## ATTORNEYS' FEES IN THE VACCINE PROGRAM

Under the Vaccine Act, a special master or a judge of the United States Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); <u>Sebelius v. Cloer</u>, 133 S. Ct. 1886, 1893 (2013). To determine a reasonable amount of attorneys' fees and costs under the Vaccine Act, special masters follow the lodestar approach, which involves a two-step process. <u>Avera v. Sec'y of</u>

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).  First, the judicial officer determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the judicial officer may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In the Vaccine Program, compensation is "paid out from a federal trust fund supported by an excise tax levied on each dose of certain covered vaccines."  Sebelius, 133 S.Ct. at 1891 (citing 26 U.S.C. §§ 4131, 4132, 9510; 42 U.S.C. § 300aa−15(f)(4)(A)).  This federal trust fund is also the source of payment of attorneys' fees and costs.  Bruesewitz v. Wyeth, 562 U.S. 223, 229 (2011).

## PROCEDURAL HISTORY

Ms. Dorego claimed that the measles-mumps-rubella vaccine caused her to suffer thrombocytopenia purpura.  See Pet., filed Apr. 23, 2014.  The parties informally resolved that claim.  Ms. Dorego received $50,000 in compensation.  Decision, issued July 13, 2015.

With the merits of Ms. Dorego's case resolved, the parties turned to the issue of attorneys' fees and costs.  This case is another example of recent litigation between the law firm representing Ms. Dorego — Conway, Homer, & Chin-Caplan, P.C. ("CHCC") — and the government.

By way of background, in 2006, the parties' counsel reached an agreement on the hourly rates for CHCC attorneys, paralegals, and law clerks based upon prevailing rates in the Boston area.  See Carr v. Sec'y of Health & Human Servs., No. 00-778V, 2006 WL1073032, at *1-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2006).  Two years later, the Federal Circuit changed the way special masters determined a reasonable hourly rate.  The Federal Circuit determined that special masters should use the forum rate, i.e., the District of Columbia rate, in determining an award of attorneys' fees.  Avera, 515 F.3d at 1348.  At the same time, the Federal Circuit adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

The Carr rates, which were periodically updated, facilitated the resolution of attorneys' fees in CHCC cases.  Although special masters were required to resolve some disputes about the reasonable number of hours billed by CHCC attorneys and staff, these occasions were very infrequent.  And, in those cases rare cases in which the parties disputed the number of hours, the parties still agreed upon the hourly rate.  In the vast majority of CHCC fee applications, the parties did not present any dispute for the special master to resolve.[2]  This cooperative process greatly benefitted the Vaccine Program because judicial resources were not consumed in attorneys' fees disputes.  See Hensley, 461 U.S. at 437 (disputes regarding attorneys' fees should not produce major litigation); see also Guidelines for Practice under the National Vaccine Injury Compensation Program, at 69-70 (Office of Special Masters, United States Court of Federal Claims, January 2016)

---

[2] Trial attorneys from the Department of Justice have advised special masters that they lack the authority to "agree" to any particular amount for attorneys' fees and costs.  In other words, trial attorneys from the Department of Justice cannot contractually bind the United States.  This authority is reserved to supervising officials within the Department of Justice.  See Tompkins v. United States, 117 Fed. Cl. 713, 722 (2014).

However, trial attorneys from the Department of Justice possess the authority "not to object" to particular amounts for attorneys' fees and costs.  In line with these representations, special masters have attempted to refrain from saying that the government agreed to an amount of attorneys' fees.

One additional clarification must be added.  Some petitioners' attorneys, but not attorneys from CHCC, include the amount of attorneys' fees and costs in the stipulation that resolves the petitioner's claim.  Under this procedure, a Department of Justice official with the authority to bind the United States in a contract (the stipulation) does agree to pay a certain amount of attorneys' fees.  But, these true agreements happen relatively rarely.

(Vaccine Guidelines) (describing informal method for resolving applications for attorneys' fees).

At some point in 2015, the agreement between CHCC and the government unraveled. In more than 30 cases, divided among multiple special masters, the parties presented evidence and arguments about a reasonable amount of attorneys' fees and costs for CHCC. Among this group, the first decision to determine a reasonable hourly rate for CHCC was McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although McCulloch is not binding precedent, other special masters, including the undersigned, have found its analysis sound. Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Avchen v. Sec'y of Health & Human Servs., No. 14-279V, 2015 WL 9595415 (Fed. Cl. Spec. Mstr. Dec. 4, 2015); Houck v. Sec'y of Health & Human Servs., No. 11-509V, 2015 WL 9259889 (Fed. Cl. Spec. Mstr. Nov. 25, 2015); Tomlinson v. Sec'y of Health & Human Servs., No. 13-736V, 2015 WL 7068558 (Fed. Cl. Spec. Mstr. Oct. 23, 2015).

In the present case, Ms. Dorego submitted a motion for attorneys' fees and costs on November 20, 2015. The total, which includes an amount for costs that Ms. Dorego bore personally, is $26,491.86.

On December 7, 2015, the Secretary filed her response. With respect to the reasonable hourly rate, the Secretary asserted she "stands by the arguments and evidence she put forth in McCulloch. Nevertheless, in light of the decision in McCulloch, while respondent disagrees with the analysis and findings in that decision, respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Resp't's Resp. at 1-2 (full citation to McCulloch omitted). With respect to the reasonable number of hours, the Secretary provided no analysis. Instead the Secretary "defer[red] to the special master's discretion in determining a reasonable fee award." Id. at 2.

In a footnote, the Secretary added the following clarification of her position: "Nothing contained in this response should be construed as an admission, concession, or waiver by respondent as to any of the matters raised by the instant Fee Application, including, but not limited to, the hourly rates requested, the number of hours requested, and other litigation-related costs." The Secretary also attempted to instruct the special master in what the decision should say: "The special master's decision should not represent that respondent did not object to the

amounts sought, but rather deferred to the special master to determine what constitutes a reasonable award in this case." Resp't's Resp. at 2 n.1.

Ms. Dorego did not file a reply. This matter is now ripe for adjudication.

## DISCUSSION

Because Ms. Dorego received compensation, she is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa−15(e). The only question is the amount.

The lodestar method contains two factors: a reasonable hourly rate and a reasonable number of hours. An attorney's reasonable hourly rate usually stays fixed for a certain period, typically one year. Thus, special masters may find persuasive one special master's factual determination about a reasonable hourly rate. For CHCC, McCulloch supplies an answer to the question about a reasonable hourly rate for Ms. Dorego's case.

McCulloch, however, cannot answer this case's question about the other factor in the lodestar analysis, a reasonable number of hours. An analysis of the reasonableness of the work an attorney performed begins with the work that the attorney actually performed as listed on the attorney's timesheet. From that starting point, special masters may differ in their assessments about the reasonableness of the work.

McCulloch and the cases following it illustrate this dichotomy. A recurring issue in CHCC cases is the number of attorneys that the law firm assigns. McCulloch found that such case-staffing was reasonable, McCulloch, 2015 WL 5634323, at *24-25. Another special master reached the same conclusion: Morris v. Sec'y of Health & Human Servs., No. 13-601V, 2015 WL 9302975, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) (finding, despite the Secretary's objection, that CHCC attorneys spent a reasonable amount of time). However, other special masters have found that some charges are excessive. E.g., Ericzon, 2016 WL 447770, at *3 (stating "[t]he undersigned agrees with respondent that the number of attorneys who billed time in this case is excessive and unnecessary" and reducing attorneys' fees by ten percent); Avchen, 2015 WL 9595415, at *5-6 (reducing number of hours); Houck, 2015 WL 9259889, at *2 (stating "[t]he undersigned also acknowledges Respondent's objections to the redundancy associated with time expended by Mr. Homer" and awarding 5.4 hours of 7.4 hours

5

requested); Tomlinson, 2015 WL 7068558, at *4-5 (reducing requested number of hours).

Notably, in these cases, special masters resolved questions about the reasonableness of CHCC attorneys that the Secretary had raised. Sometimes, special masters found the objection meritorious and sometimes not. How the Secretary's objection was resolved is not particularly important. What is important is that the Secretary raised an objection.

Here, the Secretary has not raised any objection to Ms. Dorego's requested number of hours. Although the Secretary may prefer that this decision not to disclose her lack of objection, it is entirely correct to say that the Secretary did not present any specific objection to the time the petitioner's attorneys have charged. The Secretary did not identify any time that was unreasonable. Similarly, with respect to the costs Ms. Dorego and her attorneys incurred, the Secretary did not identify any items that were unreasonable.

As to the reasonableness of the requested attorneys' fees and costs, the Secretary possessed a right to be heard. See 42 U.S.C. § 300aa−12(b)(1) ("In all proceedings brought by the filing of a petition under section 300aa−11(b) of this title, the Secretary . . . shall participate"); see also Vaccine Rule 20 ("a response or an objection to a written motion must be filed within 14 days after service of the motion"); Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Red. Ed. 2014) Section X, Chapter 6 ("A fee application is treated procedurally as a motion under Vaccine Rule 20, giving respondent 14 days to file an opposition"). This right to object may even be considered a duty to object as "[a]ttorney fee awards are one aspect of the interest of Government officials in the programs they administer." Haggart v. Woodley, 809 F.3d 1336, 1344 (Fed. Cir. 2016) (internal quotation marks omitted), pet. for cert. filed, 84 U.S.L.W. 3482 (U.S. Feb. 23, 2016) (No. 15-1072). Specific objections from the party opposing the fee request alert the fee applicant to what aspects need to be defended. See Former Employees of BMC Software, Inc. v. U.S. Sec'y of Labor, 519 F. Supp.2d 1291, 1315-16 (Ct. Int'l Trade 2007).

By offering no targeted objection to the activities of CHCC, the Secretary has waived any objection to the requested number of hours. Again, it does not matter that the Secretary wishes that her response not to be "construed as . . . a waiver." Resp't's Resp. at 2 n.1. A waiver is "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938), overruled on other grounds, Edwards v. Arizona, 451 U.S. 477 (1981).

The Secretary's footnote provides no reasoning behind its conclusion that the Secretary has not waived objections to the number of hours or to the amount of costs. It is, therefore, difficult to find that the failure to object constitutes anything other than a waiver. See Vaccine Rule 8(f) ("Any fact or argument not raised specifically in the record before the special master will be considered waived").

To the extent the Secretary is relying upon the special master's duty to award reasonable attorneys' fees (see 42 U.S.C. § 300aa−15(e)) to exonerate herself from the responsibility to participate in resolving motions for attorneys' fees, that attempt is not persuasive. In litigation, parties may (and do) waive rights in a variety of contexts even though some other entity (judge, judicial official, or jury) is ultimately responsible for deciding the issue absent that waiver.

In light of the Secretary's waiver of the right to present any objection to the requested number of hours, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). All aspects of the fee application appear reasonable. Consequently, Ms. Dorego is awarded the full amount of attorneys' fees and costs.

## CONCLUSION

The undersigned finds an award of attorneys' fees and costs appropriate. In sum, the undersigned awards Ms. Dorego the following amount for attorneys' fees and costs:

**Accordingly, the court awards:**

a. **$26,126.86** representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and petitioner's attorney, Ronald Homer of Conway, Homer & Chin-Caplan, in the amount of **$26,126.86**; and

b. **$365.00**, representing Ms. Dorego's costs. The award shall be in the form of a check made payable to Ms. Dorego for **$365.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.